IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:16-CV-2133 |
| V. | § | |
| | § | |
| HARRIS COUNTY, TEXAS and TAYLOR | § | JURY TRIAL REQUESTED |
| ADAMS, Individually | § | |
| *Defendants.* | § | |

## DEFENDANT HARRIS COUNTY'S DESIGNATION OF EXPERTS

Defendant Harris County designates the following persons as expert witnesses who may be called to testify at the trial of the above cause.

## I.
## RETAINED EXPERTS

1.   Joseph V. Penn, MD CCHP FAPA
     University of Texas Medical Branch
     Correctional Managed Care
     Mental Health Services
     200 River Pointe Drive, Suite 200
     Conroe, Texas  77304
     (936) 494-4183

Dr. Penn is a physician who specializes in correctional medicine and is triple-board-certified in forensic psychiatry, general psychiatry, and child and adolescent psychiatry. He attended medical school at the University of Texas and completed three residency and fellowship training programs at Brown University and Yale University. Dr. Penn is a Certified Correctional Health Professional by the National Commission on Correctional Health Care.

Since 2008, Dr. Penn has served as the Director of Mental Health Services for University of Texas Medical Branch Correctional Managed Care, where he oversees psychiatric, psychological, and mental health services for approximately 80 percent of the entire Texas state

1

adult prison population (110,000 adult offenders) and approximately 1,500 juveniles at juvenile correctional facilities and halfway houses. He supervises approximately 315 mental health staff, including psychiatrists, psychologists, mental health managers and clinicians, case managers, psychiatric nurse practitioners, psychiatric physician assistances, and other mental health professionals and student trainees across the state.

Dr. Penn has served as a physician surveyor for the National Commission on Correctional Health Care. He has guided the development of correctional psychology resource documents, publications, policy, best practices, and position statements with the American Psychological Association, the American Academy of Psychiatry and the Law, the American Academy of Child and Adolescent Psychiatry, and the Texas Society of Psychiatric Physicians. He is president of the Texas Society of Psychiatric Physicians and has testified before the Texas legislature on a variety of psychiatric and mental health issues.

A copy of Dr. Penn's *curriculum vitae*, a list of the cases in which he has previously testified as an expert, his charge for testifying, and his opinions and conclusions are set forth in his report filed under seal.[1] These opinions are made within a reasonable degree of medical and psychiatric certainty/probability, and they generally relate to the mental health condition of Plaintiff Jane Doe, the medical, mental health, nursing, and psychiatric care provided to her, and the actions of the employees and officials of the Harris County Sheriff's Office during the period in question. They are based on Dr. Penn's years of training and experience, his review of the records, and the independent forensic interview he conducted November 17, 2018. Dr. Penn may also testify regarding the opinions of Plaintiff's experts.

Dr. Penn's opinions include the fact that, prior to her court-ordered incarceration in Harris County, Plaintiff had an "extensive legal history", limited employment history, and

---

[1] Dr. Penn's report references Plaintiff's name. Accordingly, it is being filed under seal.

reportedly abused marijuana, alcohol, nicotine, cocaine, Xanax, Ecstasy, Salvia, and Kush. Further, Dr. Penn will testify that prior to her incarceration in Harris County, Plaintiff had a history of suicide attempts, missed medications and appointments, violent outbursts, assaults, threats, destruction of property, and impulsive decisions, such as jumping off a train while it was moving at approximately 50 mph. He will further testify she had "significant family conflict and chaos, and a highly pathologic and conflictual relationship with various family members."

Dr. Penn will testify that after a month of treatment in the structured environment of the Harris County Jail—away from alcohol, marijuana, and other illicit substances—Plaintiff had a period of clinical stability and was able to testify in an open courtroom in the presence of a judge, jury, and her rapist while being aggressively cross examined by his defense lawyer. Her testimony was "organized, cogent, articulate, and persuasive" and there was "no evidence of depressive, psychotic, or other target psychiatric signs or symptoms."

Dr. Penn will testify the Harris County Jail provided Plaintiff with "more than adequate mental health and psychiatric evaluation for her past psychiatric diagnoses and recent psychotropic medications" and she never experienced treatment delays and was always referred to medical or mental health staff in a timely manner. She was seen by qualified mental health care staff, including a board certified psychiatrist.

Further, Dr. Penn will testify that Plaintiff was properly housed. Prior to her incarceration, she attacked staff and other patients "nearly daily" while in a hospital setting, but she was "only involved in two altercations during her approximately one month jail detention at Harris County Jail" and both times, "she was referred to health care staff in a timely manner and received clinically appropriate evaluation and treatment." Jail physicians made the "clinically appropriate decision and recommendation to custody staff that she did not require transfer to a

3

jail based psychiatric unit or to an off-site facility" because she was stable. The Jail's services, policies, and procedures "met or exceeded the correctional standard of care and certainly exceeded the community standard of care."  Dr. Penn reserves the right to supplement his report if he is presented with additional information.

2.      Jeffrey R. Hislop
        2805 Rockford Ave.
        Stockton, CA 95207
        (209) 954-5678

Mr. Hislop is a full-time tenured professor at San Joaquin Delta Community College in Stockton, California and also teaches at Modesto Junior College and Basic POST Academy. Mr. Hislop chaired the curriculum process of the Administration of Justice and Correction programs and is the Discipline Chair Lead professor. Mr. Hislop has 26 years of law enforcement/corrections experience and 36 years total teaching experience on topics such as use of force, firearms, law enforcement tactics, and modern police administration and supervision, including policies, procedures, and current law enforcement practices, internal affairs investigations and disciplinary matters, and custody/corrections operations and policy and procedure. Mr. Hislop teaches in the Basic Peace Office Academy Program.

Mr. Hislop has served on numerous POST committees and helps to develop certification and program guidelines and teaching curriculum. For 12 years, he consulted as a U.S. Department of Justice National Institute of Corrections Technical Resources Provider. He has provided consultation and instruction to numerous agencies in detention and correction.

A copy of Mr. Hislop's *curriculum vitae*, a list of the cases in which he has previously testified as an expert, his charge for testifying, and his opinions and conclusions are set forth in

his report filed under seal.[2] This report includes the facts or data considered by the witness in forming his opinions and a list of exhibits used to support them.

Mr. Hislop will testify that Plaintiff was properly housed and classified under the writ of attachment, that inmates with mental health issues are commonly housed in general population, and that Plaintiff was under continuous observation, with at least 30 minute logged intervals— which exceeds the state standard of 60 minute intervals. This resulted in "minimum of risk of confrontation" at the Jail, as compared with Plaintiff's time in the hospital.

Mr. Hislop will testify that the record shows Plaintiff got into two altercations at the Jail. The first was caused when Plaintiff hit another inmate's bunk, cursed at the inmate, threw a drink, and punched the inmate. The Jail stopped the fight and brought Plaintiff to the clinic. The second altercation was caused when Plaintiff began yelling in her cell. Officers checked on her, and she came out of her cell, punched an officer, and pulled her hair. She was brought to the clinic.  Mr. Hislop will testify that detention officers responded appropriately, and their training meets or exceeds state standards.  Mr. Hislop will further testify that the Jail's policies are appropriate and exceed state and national standards. Mr. Hislop reserves the right to supplement his report if he is presented with additional information and to testify regarding the opinions of other experts.

3.      Kacy L. Turner, MS, CRC, CVE, CLCP
        Research & Planning Consultants, L.P.
        6300 La Calma Drive, Suite 170
        Austin, Texas  78752
        (512) 371-8000

Ms. Turner is a Certified Rehabilitation Counselor, Certified Vocational Evaluator, and Certified Life Care Planner with Research and Planning Consultants, LP.  Ms. Turner has a Master of Science in Rehabilitation Counseling with specialization in Vocational Evaluation and

---

[2] Mr. Hislop's report references Plaintiff's name. Accordingly, it is being filed under seal.

a Bachelor of Science in Recreation and Parks Management with specialization in Therapeutic Recreation. She has given numerous presentations within her field throughout Texas.

A copy of Ms. Turner's *curriculum vitae*, a list of the cases in which she has previously testified as an expert and prior publications, her charge for testifying, and her opinions and conclusions are set forth in her report filed under seal.[3]

Ms. Turner will testify there is no evidence Plaintiff suffered compensable damages from her incarceration in Harris County, and Plaintiff's Life Care Plan is based on faulty data and fails to meet the generally accepted standards and methods for preparing a life care plan. The medical experts agree that Plaintiff's psychological diagnoses pre-date her incarceration and include bipolar disorder, schizophrenia, adjustment disorder, borderline personality disorder, Cannabis abuse, alcohol abuse, anxiety disorder, and post-traumatic stress disorder. Neither Plaintiff's expert psychologist, Dr. Victor Scarano, nor Defendant's expert psychologist, Dr. Joseph Penn, recommend any specific treatment as a result of her incarceration.

Plaintiff's life care plan contains no documentation or explanation to give a reasonable basis for the goods and services in the report. It does not identify any of the Current Procedural Terminology ("CPT") codes, which are the generally accepted way to specify physician and therapy services. It does not indicate that Plaintiff's life care planners communicated with Plaintiff's treating physicians, and it improperly ignores Plaintiff's numerous pre-existing psychiatric inpatient stays, incarcerations, suicidal ideations, suicide attempt by jumping from a five-story building, and other psychiatric symptoms discussed in the medical records and Dr. Scarano's report.

Plaintiff's life care plan recommendation for additional medical treatment does not correlate to her incarceration, or even identify any medications other than Plaintiff's current

---

[3] Ms. Turner's report is being filed under seal.

prescribed medications for her pre-existing mental illness. Because Plaintiff lives alone, there is no evidence she requires 24-hour supervision because of her incarceration. Further, Plaintiff has received Social Security Disability Insurance benefits since December, 2014 and is eligible for Medicare benefits, which gives her access to psychiatric care for her mental illness. Ms. Turner reserves the right to supplement her report if she is presented with additional information.

4.      David Adler
        6750 West Loop South, Suite 120
        Bellaire, Texas 77041
        (713) 666-7576

Mr. Adler is a retained expert who will testify regarding the reasonableness and necessity of the attorneys' fees sought by plaintiff in this case, if any, and related issues. Mr. Adler is an experienced criminal defense attorney who may testify pursuant to Federal Rules of Evidence 702, 703, and 705. He may testify about the opinions of Plaintiffs' attorney experts on topics which may include the reasonableness of hours spent on this case by all parties and a reasonable hourly rate for counsel. Mr. Adler's *curriculum vitae* and other Rule 26 information is attached as Exhibit 4.

## II.
## PERSONS WITH KNOWLEDGE OF RELEVANT FACTS WHO MAY PROVIDE EXPERT TESTIMONY

The individuals listed below are not retained, but may provide expert testimony in the course of providing testimony regarding their knowledge of facts relevant to this lawsuit. These names are disclosed in an abundance of caution and subject to change as the case progresses.

**A.      Custodians of records.**

Harris County reserves the right to call any custodian of records for documents that have been produced in this case. This includes, but is not limited to, jail records, medical and/or mental health records, academic records, billing records, and records of policies or procedures.

**B.      Persons with knowledge of relevant facts who may provide medical expert testimony.**

| 5. | Dr. Marcus Guice | Dr. Guice is a former Medical Director and former acting Executive Director of Health Services. |
|---|---|---|
| 6. | Dr. Conrad Gibby | |
| 7. | Dr. Kolber | Dr. Kolber treated Plaintiff at least once, when she was injured after attacking Detention Officer T. Adams. |
| 8. | Dr. Cira DeLeon MHMRA | |
| 9. | Kiki Teal | Medical Administrator |
| 10. | Kemberly Scott LVN | |
| 11. | Vanessa Balderas LVN | Nurse Balderas treated Plaintiff at least once, and cleared her for separation housing on January 10, 2016. |
| 12. | L. Lamar LVN | |
| 13. | D. Wilson LVN | |
| 14. | Chikodili Oji | |
| 15. | C. Ukagwu LVN | |
| 16. | Adegbeminlyl LVN | |
| 17. | Jumoke Siyanbola | Jumoke Siyanbola is a Psych Tech. |
| 18. | ANP Guerlien Dejean | |
| 19. | Robert Barley LVN | |
| 20. | Karen Jordan LVN | |
| 21. | Abel Ornelas LVN | |
| 22. | Sandra Kloeber FNP | |
| 23. | Patricia Chicca LPHA | |

| 24. | Cavalina Caples | |
|-----|-----------------|---|
| 25. | Donna Jones | |
| 26. | Dominique Lott | |
| 27. | Chanvika Oung | |
| 28. | Glory Onwuegbuchi | Glory Onwuegbuchi is a clerk. |
| 29. | Dr. Laxman Sunder | Dr. Sunder is the Executive Director of Health Services and may testify about Harris County Jail medical policy and practices. |
| 30. | Any and all of Plaintiff's treating doctors and other health care providers | |

**C.** **Persons with knowledge of relevant facts who may provide law enforcement or legal expert testimony.**

| 31. | Det. Officer V. Rojas<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | Officers V. Rojas, Y. Gray, J. Trevino, and T. Adams tried to assist Plaintiff on January 8, 2016, when she was yelling in her cell. Plaintiff punched Officer Adams and pulled her hair. Once Plaintiff was calmed down, she was brought to medical Sergeant R. Leachman and Classification Officer J. Davis were notified of the event. |
|-----|------|------|
| 32. | Det. Officer S. Mattox<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 33. | Det. Officer T. Neely<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 34. | Det. Officer J. Trevino<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | Officers V. Rojas, Y. Gray, J. Trevino, and T. Adams tried to assist Plaintiff on January 8, 2016, when she was yelling in her cell. Officer Trevino escorted Plaintiff so she could be seen by medical. |

| 35. | Det. Officer Gray<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | Officers V. Rojas, Y. Gray, J. Trevino, and T. Adams tried to assist Plaintiff on January 8, 2016, when she was yelling in her cell. Officer Rojas witnessed Plaintiff punch Officer Adams and pull Officer Adams' hair. Officer Rojas helped secure Plaintiff so she could be escorted to medical. Sergeant R. Leachman and Classification Officer J. Davis were notified of the event. |
|---|---|---|
| 36. | Deputy N.C. Mills<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 37. | Sgt. Steve Wichkoski<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 38. | Sgt. Amy Bunyard<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 39. | Sgt. Colleen Peake<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 40. | Sgt. Michael Beaudion<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 41. | Sgt. Ellysa Rhen<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 42. | Sgt. David Angstadt<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 43. | Deputy Flamenco<br>1200 Baker Street | |

| | | |
|---|---|---|
| | Houston, Texas  77002<br>(713) 755-5000 | |
| 44. | Deputy R. Arteaga<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 45. | Deputy A. Bates<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 46. | Deputy B. Ganious<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 47. | Deputy R. Cassillas<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 48. | Sgt. R. Leachman<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | Officers V. Rojas, Y. Gray, J. Trevino, and T. Adams tried to assist Plaintiff on January 8, 2016, when she was yelling in her cell. Plaintiff punched Officer Adams and pulled her hair. Once Plaintiff was calmed down, she was brought to medical Sergeant R. Leachman and Classification Officer J. Davis were notified of the event. |
| 49. | Deputy Ronald Cherry<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 50. | Deputy Steven Voisin<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 51. | Det. Officer Michael Reed<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |

| | | |
|---|---|---|
| 52. | Det. Offcr. Melanie Hendrix<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 53. | Det. Officer Y. Gray<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 54. | Det. Officer J. Davis<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | Officers V. Rojas, Y. Gray, J. Trevino, and T. Adams tried to assist Plaintiff on January 8, 2016, when she was yelling in her cell. Plaintiff punched Officer Adams and pulled her hair. Once Plaintiff was calmed down, she was brought to medical Sergeant R. Leachman and Classification Officer J. Davis were notified of the event. |
| 55. | Det. Officer A. Betts<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 56. | Lt. Jennifer Herndon<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 57. | Sgt. Anthony Martin<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 58. | Sgt. John Klafka<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 59. | Deputy Jeffrey Vickery<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 60. | Deputy Daniel Sled<br>1200 Baker Street<br>Houston, Texas  77002 | |

| | | |
|---|---|---|
| | (713) 755-5000 | |
| 61. | Deputy Tiffany Savoie<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 62. | Deputy Michael Jones<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 63. | Deputy Preston Foose<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 64. | Deputy Oscar Cisneros<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 65. | Deputy Aubrey Monroe<br>1200 Baker Street<br>Houston, Texas  77002<br>(713) 755-5000 | |
| 66. | Det. Officer M. Cardenas<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 67. | Chief Deputy Jim Cannon<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 68. | Assistant Chief Jim Sumner<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 69. | Major   Marcus   Kinnard-<br>Bing<br>1200 Baker Street | |

| | | |
|---|---|---|
| | Houston, Texas 77002<br>(713) 755-5000 | |
| 70. | Chief Edward "Skip" Oliver<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 71. | Major Darryl Coleman<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 72. | Major Joel Innocencio<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 73. | Major Mike Smith<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 74. | Major    Langly    "Mac"<br>McKelvy<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 75. | Major Kevin Scruggs<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 76. | Major Elwood Mitchell | |
| 77. | Major Todd Montefusco<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 78. | Major Steven Marino<br>1200 Baker Street<br>Houston, Texas 77002 | |

| | | |
|---|---|---|
| | (713) 755-5000 | |
| 79. | Captain Ronny Taylor<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | |
| 80. | Det. Officer Taylor Adams<br>c/o Mary Baker<br>Assistant County Attorney<br>1019 Congress, 15th Floor<br>Houston, Texas 77002 | Officers V. Rojas, Y. Gray, J. Trevino, and T. Adams tried to assist Plaintiff on January 8, 2016, when she was yelling in her cell. Plaintiff punched Officer Adams and pulled her hair. Once Plaintiff was calmed down, she was brought to medical Sergeant R. Leachman and Classification Officer J. Davis were notified of the event. |
| 81. | Deputy C. Silguero<br>Harris County Const. Pct.1<br>1302 Preston, Suite 301<br>Houston, Texas 77002 | |
| 82. | Deputy D. Martin<br>Harris County Const. Pct.1<br>1302 Preston, Suite 301<br>Houston, Texas 77002 | |
| 83. | Sgt. Young<br>Harris County Const. Pct.1<br>1302 Preston, Suite 301<br>Houston, Texas 77002 | |
| 84. | Sgt. Williams<br>Harris County Const. Pct.1<br>1302 Preston, Suite 301<br>Houston, Texas 77002 | |
| 85. | Nick Socias<br>c/o Scott A. Durfee<br>1201 Franklin, Sixth Floor<br>Houston, Texas 77002 | |
| 86. | Assistant District Attorney Gretchen Flader | |
| 87. | Assistant District Attorney Bill Jordan | |

| 88. | Assistant District Attorney Fieldler<br>1201 Franklin, Sixth Floor<br>Houston, Texas 77002 | |
|-----|-----|-----|
| 89. | B. Plagens, Investigator<br>Harris County District Attorney's Office<br>1201 Franklin, Sixth Floor<br>Houston, Texas 77002 | |
| 90. | T. Burkes, Investigator<br>Harris County District Attorney's Office<br>1201 Franklin, Sixth Floor<br>Houston, Texas 77002 | |
| 91. | Stacey W. Bond<br>917 Franklin St.<br>Houston, Texas 77002 | Judge Bond was judge of the 176th Judicial District in Harris County, Texas, and signed a Writ of Attachment to hold Plaintiff in custody from December 8, 2015 until January 14, 2016. |
| 92. | Major John Martin<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | Major Martin oversees the 1200 Justice Housing Bureau. |
| 93. | Major Patrick Dougherty<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | Major Dougherty oversees the 701 Justice Housing Bureau. |
| 94. | Major Bryan Pair<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | Major Pair oversees the Office of the Inspector General. |
| 95. | Major Mike Lee<br>1200 Baker Street<br>Houston, Texas 77002<br>(713) 755-5000 | Major Lee oversees the Mental Health & Jail Diversion Bureau. |

### III.
### CROSS DESIGNATION OF WITNESSES

Defendants cross-designate and may call any expert witness identified or designated by Plaintiffs, and/or co-Defendants, subject to any objections Defendants may make concerning the designation of those expert witnesses.

### IV.
### CROSS EXAMINATION

Defendants reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by other parties to this suit. Defendants may also call any expert witness of any party who may be added to this lawsuit.

### V.
### RIGHT TO WITHDRAW DESIGNATION OF ANY EXPERT

Defendants reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

### VI.
### RIGHT TO ELICIT ANY EXPERT OPINION OR LAY OPINION TESTIMONY

Defendants reserve the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not violate any existing order or the Federal Rules of Civil Procedure.

### VII.
### DESIGNATION OF ADVERSE PARTIES

Defendants designate, as adverse parties, potential adverse parties, and/or witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to

this suit, even if the designated party is not a party to suit at the time of trial. In the event a present or future party designates an expert, but is subsequently dismissed for any reason from the suit or fails to call any designated expert, Defendants reserve the right to designate and/or call any such party or any such experts previously designated by any party.

## VIII.
## RESERVATION OF ADDITIONAL RIGHTS

Defendants reserve all additional rights with regard to experts, pursuant to the Federal Rules of Civil Procedure, Federal Rules of Evidence, case law, and the rulings of the trial court, including, but not limited to, the right to designate rebuttal experts.

## IX.
## RESERVATION OF RIGHT TO SUPPLEMENT DESIGNATION

Defendants reserve the right to supplement this designation with additional designations of experts within any time limits imposed by the Court or any alterations of same by subsequent court order or agreement of the parties pursuant to the Federal Rules of Civil Procedure and/or Federal Rules of Evidence.

Respectfully submitted,

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

_____
SETH HOPKINS
Assistant County Attorney
Texas Bar No. 24032435
Federal (Southern District) No. 2043155
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
Seth.Hopkins@cao.hctx.net

/s/ *Celena Vinson*
CELENA VINSON
Assistant County Attorney
State Bar No. 24037651
Federal ID No. 2220428
HARRIS COUNTY ATTORNEY'S OFFICE
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: 713-274-5181
Facsimile: 713-755-8924
celena.vinson@cao.hctx.net

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

Seth Hopkins
Assistant County Attorney

19