United States District Court
Southern District of Texas
**ENTERED**
May 19, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-2133 |
| HARRIS COUNTY, TEXAS; | § | |
| and TAYLOR ADAMS, Individually, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jane Doe, brings this action against Harris County, Texas, and Harris County employee, Taylor Adams ("Adams"), in his individual capacity, for damages based on allegations that "[d]efendants (1) unconstitutionally deprived Plaintiff of (a) her protected liberty interests and (b) right to counsel and (2) failed or refused to provide her with even a scintilla of reasonable medical care."[1] Pending before the court is Plaintiff's Opposed Motion for Leave to File Her Fourth Amended Complaint ("Plaintiff's Motion to Amend") (Docket Entry No. 102). For the reasons explained below, Plaintiff's Motion to Amend will be denied.

---

[1] Plaintiff's Third Amended Complaint, Docket Entry No. 35, p. 1.

## I. Standard of Review

If a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 15(a) provides the standard for requests to amend that are filed before the scheduling order's deadline has expired, and Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend that are filed after the scheduling order's deadline has expired. Marathon Financial Insurance, Inc., v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009).

Rule 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A decision to grant leave is within the discretion of the court, although if the court 'lacks a "substantial reason" to deny leave, its discretion "is not broad enough to permit denial."'" State of Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995) (per curiam) (citations omitted). Rule 15(a) provides "a strong presumption in favor of granting leave to amend." Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006). Nevertheless, "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 270 (5th Cir. 2010) (citing Foman v. Davis, 83 S.Ct. 227, 230 (1962)).

"Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" Marathon, 591 F.3d at 470 (quoting Fed. R. Civ. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003)(quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). To determine whether the moving party has established good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Marathon, 591 F.3d at 470 (quoting Southwestern Bell Telephone Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003)). If a movant establishes good cause to extend the scheduling order, courts analyze the motion to amend under Rule 15(a). S&W Enterprises, 315 F.3d at 535. Because a scheduling order (i.e., a Docket Control Order) was entered in this case on September 30, 2016 (Docket Entry No. 22), Rule 16(b)'s standard applies, and the plaintiff must show good cause to amend. The Docket Control Order entered on September 30, 2016, required motions to amend the pleadings to be filed by November 21, 2016.[2]

---

[2]Agreed amended scheduling orders have since been entered, but (continued...)

## II. Plaintiff Fails to Show Good Cause to Amend

The pending motion to amend was filed on January 29, 2020. Plaintiff seeks leave to allege 22 paragraphs of "new and material facts" obtained in discovery detailing the chain of training failures that led to plaintiff's housing assignment in the Harris County jail,[3] and a new claim (Count 13) that "Harris County's failure to properly train Detention Officer Ruth Arteaga caused the Plaintiff to be misclassified as a 'maximum custody' criminal defendant or criminal, which subsequently led to a failure to protect and a failure to properly treat."[4]

Harris County argues that plaintiff cannot show good cause to amend because she has no reasonable explanation for her delay in seeking to amend, because the court has already dismissed her claim that Harris County failed to train its employees concerning her classification and confinement, and because an amendment at this stage of the case would result in prejudice to defendants that cannot be cured by continuance.[5]

---

[2](...continued)
none have allowed amended pleadings. See Scheduling/Docket Control Order (Docket Entry No. 64) entered on October 10, 2017; Agreed Amended Docket Control Order (as revised by the Court) (Docket Entry No. 75) entered on August 6, 2018; Order on Agreed Motion to Extend Deadlines (Docket Entry No. 99) entered on September 17, 2019; and Order on Agreed Motion to Extend Deadlines (Docket Entry No. 101) entered on November 18, 2019.

[3]Plaintiff's Motion to Amend, Docket Entry No. 102, pp. 1-6.

[4]Plaintiff's Fourth Amended Complaint, Docket Entry No. 102-1, p. 83.

[5]Harris County's Opposition to Plaintiff's Motion for Leave to (continued...)

### A. Plaintiff Has a Reasonable Explanation for Delay

Asserting that "[o]n or about June 5th, 2019, Counsel for Plaintiff received document production Bates labeled "HC-16829 - 18744,"[6] that "[s]ubsequently (on or about November 3rd, 2019), co-counsel for Plaintiff, Maisie Barringer, discovered within that production an Internal Affairs Division report generated by Defendant Harris County,"[7] and that "[d]ocument, Bates labeled page HC-016996, reveals that Harris County Detention Officer Ruth Arteaga misclassified Plaintiff in the Harris County Jail as a result of Harris County's failure to train Officer Arteaga,"[8] plaintiff argues that she requests leave to amend because "she was incapable of discovering, interpreting, and moving forward with the newly acquired evidence in a more expedient manner, through no fault of her own."[9]  Plaintiff argues that

> the above described discovery by Plaintiff's legal team required [a] time-consuming effort to decode one of the other documents included in Defendant Harris County's latest production, Bates numbered page HC-017025 (a screenshot of the Justice Information Management System (JIMS) Booking inquiry  - LBK1 screen pertaining to Plaintiff).  Upon receiving that document, counsel for

---

[5](...continued)
File Her Fourth Amended Complaint ("Harris County's Opposition"), Docket Entry No. 104.

[6]Plaintiff's Motion to Amend, Docket Entry No. 102, p. 9 ¶ II.

[7]Id. ¶ III.

[8]Id. ¶ IV.

[9]Id. at 11.

> Plaintiff was required to access instructional materials created by Harris County Technology Services to interpret the coding system displayed on HC-017025.
>
> Upon completing review of Harris County's 18,700-plus pages of discovery production in November 2019, Plaintiff's legal team began discussing the implications of the aforementioned newly-discovered evidence and whether amendments to the Complaint were warranted. At that time, undersigned lead counsel for Plaintiff, Sean Buckley, was in the midst of a 2-month-long federal jury trial in the Northern District of Texas — and was unable to turn his attention to analyzing the import of said newly discovered evidence, and deciding whether a Fourth Amended Complaint should be filed. Undersigned counsel Buckley's federal trial concluded just before the Christmas holiday on December 17, 2019. In early January, all counsel for Plaintiff resumed discussions about the newly-discovered evidence and its implications, and undersigned lead counsel Buckley decided that leave to file a Fourth Amended Complaint should be requested. Since early January, Plaintiff's counsel have been working diligently to research and prepare this Motion and Plaintiff's Fourth Amended Complaint.[10]

Asserting that "Plaintiff admits waiting six months from the time she received this production until she moved to amend her complaint,"[11] and that the claim she seeks to add "is not a 'new' claim — it is the same misclassification claim that the Court dismissed on September 29, 2017,"[12] Harris County argues that "Plaintiff cannot show good cause to amend because she has no reasonable explanation for her delay in seeking to amend."[13]

---

[10] Id. at 10.

[11] Harris County's Opposition, Docket Entry No. 104, p. 5.

[12] Id.

[13] Id.

Based on the verification signed by plaintiff's attorney (Docket Entry No. 103), the court concludes that despite acting diligently to acquire her records from Harris County, plaintiff did not acquire those records until June of 2019, and the facts that plaintiff seeks leave to assert could not have been asserted by the November 21, 2016, deadline for filing motions to amend established by the court's September 30, 2016, scheduling order. Harris County has neither argued nor cited any evidence from which the court could conclude that the plaintiff was aware of the facts on which her proposed amendments are based before the deadline for amending pleadings expired, or that had plaintiff acted diligently she could have acquired those facts from another source in time to meet the deadline for amending pleadings. The court is therefore persuaded that plaintiff has offered a reasonable explanation for delay in seeking leave to amend, and that this factor weighs in favor of granting her motion. See Southwestern Bell, 346 F.3d at 547 (denying leave to amend upon finding that "[movant] was aware of the contract that forms the basis of its proposed amendment months in advance of the deadline and does not offer a satisfactory explanation for its delay in seeking leave to amend").

**B.  The Proposed Amendments Are Not Important**

Plaintiff argues that her

> proposed amendments are of immense significance and [she] will be unjustly prejudiced if she is not allowed to plead the newly available facts. First, the facts

> underlying the proposed amendments expose one of the reasons Defendant Harris County, Texas failed to treat and protect Plaintiff.
>
> Further, Plaintiff's newly discovered facts support a separate cause of action that Defendant Harris County violated Plaintiff's constitutional rights by failing to properly train its detention staff. This failure to train subsequently led to a failure to properly treat and protect Plaintiff. As a result of Detention Officer Ruth Arteaga's untrained inability to understand the coding system utilized in the Justice Information Management System, Officer Arteaga misclassified Plaintiff, which resulted in Plaintiff being denied constitutionally-required treatment and protection in conformity with Harris County's established policies and procedures.[14]

Citing Maryland Manor Associates v. City of Houston, 816 F. Supp. 2d 394, 401 (S.D. Tex. 2011), defendants argue that Plaintiff's Motion to Amend should be denied because "the Court has already dismissed her claim that Harris County failed to train its employees 'concerning the classification and confinement of Plaintiff.'"[15] Harris County explains that

> Plaintiff's proposed amendment is not important because it simply repackages Count 8 of her Third Amended Complaint, which alleged that Harris County had constitutionally inadequate "training concerning the classification and confinement" of inmates who were being held as witnesses or transferred into custody from medical or mental health facilities. In Paragraphs 211-219, Plaintiff suggested various reasons why Harris County employees were inadequately trained to classify her.
>
> On September 29, 2017, this Court dismissed Count 8 and held:

---

[14]Plaintiff's Motion to Amend, Docket Entry No. 102, p. 11.

[15]Harris County's Opposition, Docket Entry No. 104, p. 6.

-8-

> In Count 8 plaintiff alleges that Harris County had a constitutionally inadequate policy, practice, custom, or training concerning the classification and confinement of victim/witness detainees or detainees who were transferred into its custody from medical/mental health facilities. . .
>
> The Fifth Circuit has held that the classification of inmates is an administrative function of the jail. Jones v. Diamond, 626 F.2d 1364, 1376 (5th Cir. 1981)(en banc). Inmates therefore have no protectable property or liberty interest in custodial classification, and plaintiff has no constitutional right to a particular status or classification within the jail. . .
>
> Accordingly, plaintiff's claim concerning the classification and confinement of victim/witness detainees or detainees who were transferred into its custody from medical/mental health facilities asserted in Count 8 will be dismissed.[16]

In Maryland Manor a developer sued the City of Houston for denying a permit. The City filed two motions to dismiss. As the court was considering the City's motions, plaintiff filed a motion to amend. Judge Rosenthal held:

> [T]he third amended complaint is almost identical to the second amended complaint. The minor differences between the third amended complaint and the second amended complaint would not change the court's resolution of the City's motions to dismiss. Maryland Manor's motion for leave to amend is denied both because it is untimely and because amendment would be futile.

Id. at 401.

---

[16]Id. at 7 (quoting Memorandum Opinion and Order, Docket Entry No. 62, pp. 69-71).

Plaintiff argues that her "proposed amendments are of immense significance and [she] will be unjustly prejudiced if she is not allowed to plead the newly available facts."[17] But the new facts that plaintiff seeks leave to add do not allege new conduct and the new cause of action that plaintiff seeks leave to add does not allege a new theory of recovery. Instead, plaintiff's proposed amendments simply seek to identify the individual Harris County employee whose allegedly inadequate training caused her to be "misclassified as a 'maximum custody' criminal defendant or criminal, which subsequently led to a failure to protect and failure to treat."[18] The claim that plaintiff seeks to add, i.e., Count 13 for "Harris County's failure to properly train Detention Officer Ruth Arteaga" is not materially different from the claim alleged in Count 8 of Plaintiff's Third Amended Complaint that

> Harris County had a constitutionally inadequate policy, procedure, practice, custom, or **training** concerning the classification and confinement of those unfortunate People[] who are either (1) victim/witness detainees or (2) transferred into its custody from medical/mental health facilities.[19]

Because the only new cause of action that plaintiff seeks leave to assert in her proposed Fourth Amended Complaint is not

---

[17]Plaintiff's Motion to Amend, Docket Entry No. 102, p. 11.

[18]Plaintiff's Fourth Amended Complaint, Docket Entry No. 102-1, p. 83.

[19]Plaintiff's Third Amended Complaint, Docket Entry No. 35, p. 63 (emphasis added).

materially different from the cause of action for misclassification alleged in her Third Amended Complaint for which the court granted Harris County's motion to dismiss and, instead, merely provides additional facts that can be used to support claims already alleged, the court concludes that plaintiff has failed to show that the proposed amendments are important, or that their addition would not be futile. The importance factor, therefore, weighs against granting Plaintiff's Motion to Amend.

**C.   The Potential Prejudice to the Defendants Cannot Be Cured By a Continuance**

Plaintiff argues that defendants will not be substantially prejudiced if her motion to amend is granted because

> Defendant Harris County produced the aforementioned new evidence on or about June 5th, 2019. Defendant Harris County knew it would take substantial time for Plaintiff's counsel to review and digest that production, and naturally, Harris County must have known the significance of what was contained within the production because it came from them — and much of it flowed from an Internal Affairs investigation. This is certainly not the kind of situation where Defendant Harris County would be surprised by the substance of the newly discovered information and therefore prejudiced in its ability to defend itself.
>
> If Plaintiff is allowed to amend at this time, Defendant Harris County will likely file another dispositive 12(b)(6) Motion to Dismiss. Plaintiff recognizes that this will draw on resources of the parties in addition to scarce judicial resources. This issue and its attendant prejudices are minimized, however, because the amendments sought will narrowly (1) further elucidate two counts of Plaintiff's live Complaint that have already survived Rule 12(b)(6)

scrutiny, and (2) allege a singular additional cause of action (Failure to Train).[20]

Harris County responds that granting Plaintiff's Motion to Amend at this stage of the case would result in prejudice to the defendants that cannot be cured by continuance.[21]

Plaintiff acknowledges that if she is allowed to file a Fourth Amended Complaint, Harris County will likely file another Rule 12(b)(6) motion to dismiss that would not only demand additional resources from the parties, but from the court. Nevertheless, plaintiff argues that in the event the court finds any party is unfairly prejudiced by her request to amend, "a continuance is available to remedy same and Plaintiff would not object to it."[22] Plaintiff's argument all but concedes that granting her motion to amend will prejudice defendants and needlessly consume scarce judicial resources by requiring not just new pleadings, but also a whole new round of motions to dismiss.

This action has been pending for almost four years. The deadline for filing amended pleadings was November 21, 2016.[23]

---

[20]Plaintiff's Motion to Amend, Docket Entry No. 102, pp. 11-12.

[21]Harris County's Opposition, Docket Entry No. 104, p. 8.

[22]Plaintiff's Motion to Amend, Docket Entry No. 102, p. 12.e.

[23]Agreed amended scheduling orders have since been entered, but none have allowed amended pleadings. See Scheduling/Docket Control Order (Docket Entry No. 64) entered on October 10, 2017; Agreed Amended Docket Control Order (as revised by the Court) (Docket Entry No. 75) entered on August 6, 2018; Order on Agreed Motion to
(continued...)

Plaintiff has filed an original and three amended complaints, and defendants have filed two motions to dismiss, which the court resolved almost three years ago. Moreover, pursuant to the most recent Order on Agreed Motion to Extend Deadlines (Docket Entry No. 101), entered on November 18, 2019, the discovery period ended on March 26, 2020, the period for filing dispositive motions expired on April 26, 2020, the period for filing non-dispositive motions expired on May 1, 2020, the Joint Pre-Trial Order is due on September 4, 2020, and Docket Call is set for September 11, 2020. Despite plaintiff's reasonable explanation for the cause of her delay in asserting the proposed new facts and cause of action that she seeks to add to her complaint, the court is not persuaded that the time for filing pleadings and motions to dismiss should be reopened to accommodate her request. Allowing the proposed amendment would not only require the court to abandon established deadlines — to which the plaintiff agreed — for filing dispositive motions, for completing discovery, for filing the Joint Pretrial Order, and for conducting docket call — which the court will not extend given the age of this case, but would also delay the trial and thereby prejudice the defendants and the court. Since, moreover, the cause of action that plaintiff seeks leave to add, i.e., Count 13 for Harris County's failure to properly train

---

[23](...continued)
Extend Deadlines (Docket Entry No. 99) entered on September 17, 2019; and Order on Agreed Motion to Extend Deadlines (Docket Entry No. 101) entered on November 18, 2019.

Detention Officer Ruth Arteaga is not materially different from the claim alleged in Count 8 of Plaintiff's Third Amended Complaint, which the court has already dismissed for failure to state a claim, the proposed amendment would likely be futile. The court thus concludes that the potential prejudice to the defendants in allowing the amendment cannot be cured by a continuance. Accordingly, the third and fourth factors regarding prejudice weigh against granting Plaintiff's Motion to Amend.

**D.   Conclusions**

Although the court is persuaded that plaintiff has presented a reasonable explanation for delay in seeking leave to file a Fourth Amended Complaint to add newly discovered facts and a new cause of action for failure to train, the court concludes that plaintiff has failed to establish good cause as required by Rule 16(b)(4) to amend her pleadings after the deadline for doing so established by the court's scheduling order has expired because she has failed to establish that the proposed amendments are important, that the defendants will not be prejudiced, that a continuance would cure the prejudice to defendants, or that the proposed amendments would not be futile. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

### III. Conclusions and Order

For the reasons stated in § II, above, Plaintiff's Opposed Motion for Leave to File Her Fourth Amended Complaint (Docket Entry No. 102) is **DENIED**.

**SIGNED** at Houston, Texas, this 19th day of May, 2020.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE